Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5778 | **DATE** | 7/27/2012 |
| **CASE TITLE** | Henry Gill (#2012-0417021) v. C/O Pickett, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $7.67 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the supervisor of inmate trust fund accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, Plaintiff's complaint is dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. Plaintiff's complaint is dismissed without prejudice to re-file, to the extent he is able, under applicable law once he has exhausted his administrative remedies.

■[**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff has filed a complaint pursuant to 42 U.S.C. §1983 alleging violation of his rights under the Eighth Amendment th the United States Constitution. More specifically, Plaintiff alleges that on June 4, 2012, Defendant Pickett, a correctional officer at the Cook County Jail attacked him. Plaintiff has further affirmatively pled that although he has initiated process to exhaust his administrative remedies at the jail, the process is not complete.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.67. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, a plaintiff may plead himself out of court by including factual allegations which if true show that his legal rights were not invaded. *Lekas v. Briley*, 405 F.3d 602 at 613 (7th Cir. 2005), citing *American Nurses' Association v. Illinois*, 783 F.2d 716 at 725(7th Cir. 1986). The Seventh Circuit has also held, "We are not required to ignore facts alleged in the complaint that undermine Plaintiff's claim." *Wroblewski v. City of Washburn*, 965 F.2d 452, 459 (7th Cir. 1992). As Plaintiff has affirmatively pleaded that he failed to exhaust his administrative remedies prior to filing suit, he has undermined his complaint.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

      Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the Court is directed to dismiss a suit brought with respect to prison conditions if the Court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

      A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, Plaintiff's failure to exhaust appears on the face of the complaint. Failure to plead exhaustion mandates dismissal of the prisoner's claim without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

      According to the Seventh Circuit, the issue of exhaustion must be dealt with at the outset of litigation, prior any findings of fact. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008). "Until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to." *Id*. *Pavey* stands for the proposition that exhaustion is ***mandatory*** in cases involving the conditions of confinement of an inmate or, indeed, any aspect of inmate life.

      To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the *prison's* administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added); The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25.

      The United States Supreme Court affirmed its holding in *Porter* when it held that exhaustion is an affirmative defense that need not be pled. *Jones v. Bock*, 127 S.Ct. 910, 166 L.Ed. 2d 798, (2007). However, the Court went on to state: ""[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id*. at 918-919 (*citing Porter* at 524 (2002)). The Court in *Jones* did not disturb the rule that "when the existence of a valid affirmative defense is so plain from the face of the complaint..., the district court judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-11 (7th Cir. 2002).

      As Plaintiff has affirmatively pled that he failed to exhaust his administrative remedies, his complaint is dismissed without prejudice to his refiling his complaint once he has exhausted his administrative remedies.